RECEIVED
IN ALEXANDRIA, LA.

FEB - 7 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| CAVENDER ENTERPRISE LEASING FAMILY, LLC | : | DOCKET NO. 3:11-1577 |
| VS. | : | JUDGE TRIMBLE |
| FIRST STATES INVESTORS 4200, LLC, ET AL | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #18) filed by defendant Chicago Title Insurance Company ("Chicago") wherein the mover seeks to dismiss the claims made against it pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue of fact for trial that the insurance policy it issued to plaintiff, Cavender Enterprise Leasing Family, LLC ("Cavender") provides no coverage for plaintiff's claims in this matter. Cavender has not filed an objection to the motion.

### STATEMENT OF FACTS

Cavender was conveyed title to property located in Monroe, Louisiana by Act of Sale with Limited Warranty from First States Investors 4200, LLC ("First States") by deed dated February 15, 2008. Chicago issued title insurance to Cavender with an effective date of February 25, 2008. The Act of Sale was recorded in the Conveyance Records of Ouachita Parish, Louisiana on February 25, 2008.

On May 7, 2010, defendant, Regions Bank, caused to be filed an Act of Deposit via a Post-Closing Letter Agreement dated June 15, 2005 between Regions Bank and First States in the

Conveyance Records of Ouachita Parish, Louisiana. The Act of Deposit gave a right of first refusal to Regions Bank from First States on June 15, 2005.

Chicago contends that the title insurance policy excludes from coverage any defects, liens, encumbrances, adverse claims, or other matters that attach or are created subsequent to the date of the policy. Chicago argues that because the Post-Closing Agreement was recorded on May 7, 2010, subsequent to the policy being issued, the title insurance policy provides no coverage.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires

---

[1] Fed. R.Civ. P. 56(c).

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[5] Anderson, 477 U.S. at 249.

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Chicago maintains that the policy clearly excludes coverage for any losses, damages, costs, attorney's fees or expenses that may arise as a result of title defects, liens, encumbrances, adverse claims, or other matters arising or created subsequent to the date of the policy, nor does it provide coverage for damages arising as a result of rights or claims of parties in possession not shown by the public records. Chicago relies on the following provisions in the policy:

EXCEPTIONS FROM COVERAGE

    This policy does not insure against loss or damages (and the Company will not pay costs, attorney's fees or expenses) which arise by reason of:

GENERAL EXCEPTIONS:

    A.  Rights or claims of parties in possession not shown by the public records...[9]

---

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[8] Anderson, 477 U.S. at 249-50.

[9] Chicago exhibit 3.

EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the company will not pay any loss or damages, costs, attorney's fees, or expenses that arise by reason of:...

3. Defects, lien, encumbrances, adverse claims or other matters:...

(D) attaching or created subsequent to the Date of Policy (however, this does not modify or limit the coverage provided under covered risk 9 and 10);...[10]

Plaintiff has failed to oppose this motion and thus has failed to create a genuine issue of material fact for trial. The Post-Closing Letter Agreement was not filed in the public records until May 7, 2010; the date of issuance of the Chicago policy is February 25, 2008. The policy clearly excludes from coverage the title defect or cloud created by the right of first refusal. The policy clearly does not provide coverage for damages arising as a result of rights or claims of parties in possession not shown by the public records.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against Chicago Title Insurance Company at plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of February, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Id.